ary 10, 1906.) Action by Julia A. Deegan against the Syracuse Lighting Company.

PER CURIAM. Judgment affirmed, with costs.

HISCOCK, J., not sitting.

---

DEEGAN, Appellant, v. SYRACUSE LIGHTING CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 7, 1906.) Action by Julia A. Deegan against the Syracuse Lighting Company. No opinion. Motion for leave to appeal to Court of Appeals granted.

---

DEERING v. SCHREYER. (Supreme Court, Appellate Division, First Department. January 22, 1906.) Action by James A. Deering against John, Schreyer. No opinion. Motion denied, without costs.

---

DeFORD v. GLEASON et al. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) Action by Thomas DeFord against Thomas W. Gleason and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

DE GROFF, Appellant, v. WALDEN CO., Respondent. (Supreme Court, Appellate Term. March 12, 1906.) Appeal from Municipal Court, Borough of Manhattan, Second District. Action by Arthur H. De Groff against the Walden Company. From a judgment for defendant, plaintiff appeals. Reversed. Bohannon & Honnecker, for appellant. William J. Bolger, for respondent.

PER CURIAM. The judgment in this case was evidently predicated upon a finding that a trade custom existed in New York with reference to a pro rata delivery of peaches, when performance was rendered impossible by reason of the failure of the peach crop. In our opinion there was not sufficient evidence to warrant the court in injecting into the written contract which existed between the parties the custom referred to. It seems to us that upon a new trial the testimony bearing upon the question of damages should be based upon the rule stated in Todd v. Gamble, 148 N. Y. 382, 42 N. E. 982, 52 L. R. A. 225. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

DEMUTH GLASS MFG. CO., Appellant, v. ROYAL GLASS JAR & BOTTLE CO., Respondent. (Supreme Court, Appellate Division, Second Department. March 22, 1906.) Action by the Demuth Glass Manufacturing Company against the Royal Glass Jar & Bottle Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

DENIKE, Respondent, v. DENIKE, Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Abraham Denike against Charles W. Denike. No opinion. Motion to dismiss appeal granted, with costs, unless the appellant pay $10 costs and cause the printed papers on appeal to be served within 10 days. On compliance with these conditions, the motion is denied, without costs.

---

In re DE PUY. (Supreme Court, Appellate Division, Fourth Department. March 28, 1906.) In the matter of Melissa J. De Puy, an alleged incompetent person. No opinion. Order affirmed, with $10 costs and disbursements.

---

DESMOND, Respondent, v. NEW YORK & Q. ELECTRIC LIGHT & POWER CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Anna Desmond, as administratrix, etc., of Frederick Peplo, deceased, against the New York & Queens Electric Light & Power Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

DEVINE, Appellant, v. HART, Respondent. (Supreme Court, Appellate Division, Second Department. March 2, 1906.) Action by Josephine Devine against Lemuel M. Hart, individually and as administrator, etc. No opinion. Judgment affirmed, with costs.

---

DICK, Appellant, v. MARVIN, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 21, 1906.) Action by Andrew J. Dick against Susie Marvin. No opinion. Judgment affirmed, with costs.

---

DICKERSON, Respondent, v. WAYNE KRATZER & CO., Appellants. (Supreme Court, Appellate Term. February 27, 1906.) Appeal from City Court of New York, Special Term. Action by Edward N. Dickerson against Wayne Kratzer & Co. From a judgment for plaintiff, defendants appeal. Reversed. Henry S. J. Flynn, for appellants. Eugene N. Robinson, for respondent.

SCOTT, P. J. There is absolutely no proof of damage in the case. By the judgment appealed from the plaintiff would still own the automobile, for there is neither allegation nor proof of a sale to defendant, and would recover its full value from defendant. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GREENBAUM, J., concurs.

GIEGERICH, J. (dissenting). By guarantying that a certain price should be forthcoming to the plaintiff at a certain date, the defendant in effect agreed to become the purchaser of the machine at that price, if he found no one else to take it. By suing for and recovering judgment for the agreed price, the plaintiff has treated the transaction as a sale and the machine now belongs to the defendant.

---

DILLON, Appellant, v. MANDELBAUM, Respondent. (Supreme Court, Appellate Di-